UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ERDODY,

    Plaintiff,

Case No. 17-cv-11348
Honorable Linda V. Parker

v.

NITTO, INC.,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 16)

Plaintiff David Erdody ("Plaintiff") commenced this lawsuit against Defendant Nitto, Inc. ("Defendant") in the Circuit Court for the County of Wayne, Michigan on January 10, 2017. Defendant removed this case to federal court based on diversity jurisdiction on April 27, 2017. (ECF No.1.) Plaintiff alleges Defendant failed to maintain its premises in a reasonably safe condition. (Compl. at ¶ 5, ECF No. 1 at Pg ID 5.) Presently before the Court is Defendant's motion for summary judgment, filed August 17, 2017. (ECF No. 16.) Plaintiff did not file a response to Defendant's motion, although Plaintiff was aware[1] of the pending motion. For the reasons stated below, the Court grants Defendant's motion.

---

[1] On January 8, 2018, the Court issued a Notice of Determination without Oral Argument. Immediately thereafter, Plaintiff's counsel contacted chambers upon realizing he had not filed a response and was informed that he needed either to file

1

**I.      Factual and Procedural History**

On January 10, 2014, Plaintiff, a driver for USF Holland, Corporation, was lawfully on Defendant's property to make a delivery. (Compl. at ¶¶ 3-4, ECF No. 1 at Pg ID 4-5.) Plaintiff testified that he frequently made pick-ups and deliveries at Defendant's property, used Defendant's loading dock and was familiar with the operation of the dock plate. (David Erdody Dep. 15:18-21, 17:11-16 Mot., Ex. 1, ECF No. 15 at Pg ID 40.)

Plaintiff testified that on the day of the incident, it was snowing heavily and there was visible snow and ice on the dock plate. (Erdody Dep. 74:14-21, 75:11, 20-22, Mot., Ex. 1, ECF No. 15 at Pg ID 57-58.) Sometime after completing his delivery, Plaintiff slipped and fell on Defendant's dock plate. According to Plaintiff, Defendant allowed snow and ice to accumulate, creating a hazardous condition. (Compl. at ¶ 5, ECF No. 1 at Pg ID 5.) Because of the fall, Plaintiff sustained severe and disabling injuries, including a ruptured hamstring tendon. (Compl. at ¶ 7, ECF No. 1 at Pg ID 5.)

On January 10, 2017, Plaintiff initiated this action against Defendant in state court for claims of negligence and nuisance. Plaintiff contends that even assuming the condition of the land was open and obvious, it was unavoidable in the course of

---

a motion for leave or obtain consent from opposing counsel to late file a response. On February 7, 2018, Plaintiff filed a motion for leave to file a response no later than February 9, 2018, which the Court granted also on February 7, 2018. To date, there is no record of a response.

employment. (Compl. at ¶ 6. ECF No. 1 at Pg ID 5.) Defendant properly removed this case to federal court on April 27, 2017.

## II. Standard of Review

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence

upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

### III. Applicable Law & Analysis

Although Plaintiff alleges negligence and nuisance, reading Plaintiff's Complaint as a whole, Plaintiff is complaining of the conditions of the land, and therefore, Plaintiff's Complaint sounds in premises liability. *See Lymon v. Freedland*, 887 N.W.2d 456, 462 (Mich. Ct. App. 2016) ("Michigan law distinguishes between claims arising from ordinary negligence and claims premised on the condition of the land.") The duty that a possessor of land owes to another person who is on the land depends on the latter person's status." *Hampton v. Waste Mgmt. of Mich., Inc.*, 601 N.W.2d 172, 175 (1999). The parties agree that Plaintiff was lawfully on Defendant's premises as an invitee at the time of the accident. (*See* ECF Nos. 1 at Pg ID 4; ECF No. 4 at Pg ID 15.)

4

"In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v. Ameritech Corp.*, 629 N.W.2d 384, 386 (Mich. 2001). This duty arises where there is "an unreasonable risk of harm caused by a dangerous condition of the land that the landowner knows or should know the invitees will not discover, realize, or protect themselves against." *Bertrand v. Alan Ford, Inc.*, 537 N.W.2d 185, 186 (Mich. 1995) (internal quotation marks and citation omitted). This duty does not extend, however, to dangerous conditions that are open and obvious unless special aspects of the condition make even an open and obvious risk unreasonably dangerous. *Lugo*, 629 N.W.2d at 386. As summarized by the Michigan Supreme Court:

> [i]f the particular activity or condition creates a risk of harm *only* because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger. On the other hand, if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions.

*Bertrand*, 537 N.W.2d at 187.

An open and obvious condition is one "'that an average person with ordinary intelligence would have discovered . . . upon casual inspection.'" *Wimberly v. Forman Mills, Inc.*, 574 F. App'x 621, 622 (6th Cir. 2014) (quoting *Hoffner v.*

5

*Lanctoe*, 821 N.W.2d 88, 94-95 (Mich. 2012). The Michigan Supreme Court has advised that when applying this test, "it is important for courts . . . to focus on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff." *Lugo*, 629 N.W.2d at 390. "The proper question is not whether *this plaintiff* could or should have discovered the [dangerous condition], but whether the [dangerous condition] was observable to the average, casual observer." *Price v. Kroger Co. of Michigan*, 773 N.W.2d 739, 742 (Mich. Ct. App. 2009) (citing *Novotny v. Burger King Corp.*, 499 N.W.2d 379, 381 (Mich. Ct. App. 1993); *see also Lugo*, 629 N.W.2d at 390 (explaining that the degree to which the plaintiff was paying proper attention is immaterial to the question of whether the condition of the premises was open and obvious).

While the danger of a condition may generally be open and obvious, there may be special aspects of the condition "that make the risk of harm unreasonable, and, accordingly, a failure to remedy the dangerous condition may be found to have breached the duty to keep the premises reasonably safe." *Bertrand*, 537 N.W.2d at 188. As the Michigan Supreme Court restated:

> Consistent with *Bertrand*, we conclude that, with regard to open and obvious dangers, the critical question is whether there is evidence that creates a genuine issue of material fact regarding whether there are truly "special aspects" of the open and obvious condition that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm, i.e., whether the "special aspect" of the condition should prevail in

> imposing liability upon the defendant or the openness
> and obviousness of the condition should prevail in
> barring recovery.

*Lugo*, 629 N.W.2d at 387. The Michigan Supreme Court has identified two instances where the special aspects of an open and obvious hazard could give rise to liability: (1) when the danger is unreasonably dangerous or (2) when the danger is effectively unavoidable. *See Hoffner v. Lanctoe*, 821 N.W.2d 88, 96 (Mich. 2012). With regard to ice and snow on the land, the Michigan Supreme Court has rejected the notion that because ice and snow hazards are open and obvious then liability cannot occur under any circumstances. *Id.* at 96-97. A landowner is under a duty to exercise reasonable care, taking reasonable measures within a reasonable time, to diminish snow and ice hazards. *Id.* at 97.

It is undisputed that snow and ice conditions are open and obvious and that Plaintiff saw the snow and ice accumulation prior to his fall. The Court now turns to the question of whether the ice and snow condition created a special aspect that was effectively unavoidable or unreasonably dangerous. In his Complaint, Plaintiff contends that the danger was unavoidable because of the course of his employment. However, the Michigan Supreme Court has rejected this argument.

In *Hoffner*, the plaintiff fell on an icy sidewalk after attempting to enter Fitness Xpress. Notwithstanding the fact that the plaintiff saw ice on the sidewalk, she argued the ice was unavoidable because she had a contractual right to enter the

7

property. *Hoffner*, 821 N.W.2d at 99. The court held that "[t]he law of premises liability in Michigan provides that the duty owed to an invitee applies to any business invitee, regardless of whether a preexisting contractual or other relationship exits, and thus the open and obvious rule similarly apply with equal force to the invitees." *Id*. at 99.

Likewise, the Michigan Court of Appeals rejected the same argument in *Lymon*. In *Lymon*, the plaintiff, a nursing aide, fell due to ice and snow accumulation on a sloped driveway where she worked. Another nursing aide testified that she saw the condition of the driveway and chose to walk an alternate route. There was also testimony that the landowner asked the nursing aides, including plaintiff, to walk a different path to enter the home to avoid the slippery driveway. Yet, plaintiff argued that she was compelled to walk an unsafe path because of her employment. *See Lymon*, 887 N.W.2d at 461. In short, one's employment cannot be the basis for confronting an open and obvious condition on the land. *See Hoffner*, 821 N.W.2d at 101.

Next, Defendant contends that Plaintiff's fall was caused when Plaintiff stepped on the dock plate while it was in the incline position. According to Defendant, had Plaintiff waited for the dock plate to return to its neutral position, Plaintiff would not have fallen. Ezieas Keith Brown, Defendant's dockworker,

who stated he witnessed the fall, declared[2] that "[i]nstead of waiting a few seconds for the air bags to deflate so that the dock plate could return its horizontal position, Mr. Erdody stepped up onto the raised dock plate while it was on a steep incline and he fell." (Ezieas Keith Brown Aff., ¶ 8, ECF No. 16 at Pg ID 64.) Mr. Brown's affidavit is unrebutted.

Defendant submitted two videos in support of its motion for summary judgment: a video demonstrating the operation of the dock plate ("first video") and another video purportedly displaying Plaintiff's fall on January 10, 2014 ("second video"). (ECF No. 16, Exh. A; ECF No. 18.) Although the first video helped the Court understand the operation of the dock plate, the second video was less helpful. The second video is of poor quality. The dock plate, including any incline and the snow and ice accumulation is not visible in the frame, as well as Plaintiff's actual fall. Further, Defendant attached excerpts of Plaintiff's deposition, which do not mention that Plaintiff stepped on an incline prior to his fall.

However, the Michigan Supreme Court has made clear that there is an "extraordinarily high bar for a condition to constitute an unreasonable risk of harm because the condition must present a 'substantial risk of death or severe injury.' Based on this heightened standard, courts have repeatedly held that ice and snow generally do not meet this threshold." *Lymon*, 887 N.W.2d at 463; *see also Corey*

---

[2] The date of the fall was January 10, 2014. However, Mr. Brown refers to the date of the fall as January 10, 2015.

*v. Davenport College of Business*, 251 Mich. App. 1, 6-7 (2002) (rejecting a high likelihood of harm or severity of harm in ice-covered steps); *Royce v. Chatwell Club Apartments*, 267 Mich. App. 389, 395-96 ("[t]he risk of slipping and falling on ice is not sufficiently similar to those special aspects discussed in *Lugo* to constitute a *uniquely high* likelihood or severity of harm and remove the condition from the open and obvious danger doctrine."). The court in *Lugo* described an unreasonably dangerous condition as follows:

> [C]onsider an unguarded thirty-foot deep pit in the middle of a parking lot. The condition might well be open and obvious, and one would likely be capable of avoiding the danger. Nevertheless, this situation would present such a substantial risk of death or severe injury to one who fell in the pit that it would be unreasonably dangerous to maintain the condition, at least absent reasonable warnings or other remedial measures being taken.

*Lugo*, 629 N.W.2d at 387.

Unlike the special aspects presented in *Lugo*, Plaintiff has not presented any evidence that he faced a substantial risk of death or severe injury due to the snow and ice accumulation. Plaintiff was not forced to confront the risk, notwithstanding his allegation that the risk was unavoidable due to his course of employment. There has been no evidence presented to rebut Mr. Brown's testimony and no evidence that the risk of harm associated with the ice and snow on the docking plate was unreasonably high. Because there is no dispute that the ice was open and obvious, and because Plaintiff has not alleged the ice and snow

10

had a special aspect, the Court cannot speculate as to the condition of the land, and therefore, Plaintiff is precluded from recovery.

## IV. Conclusion

Accordingly, for the reasons stated above, Defendant's motion is granted.

**IT IS ORDERED** that Defendant's motion for summary judgment (ECF No. 15) is **GRANTED.**

**IT IS SO ORDERED.**

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: February 28, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 28, 2018, by electronic and/or U.S. First Class mail.

                                              s/ R. Loury
                                              Case Manager